IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TINA DIANE WINDHAM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 13-0025-WS-N |
| | ) |
| CITY OF FAIRHOPE, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter comes before the Court *sua sponte* based on its review of the Answer (doc. 28) filed by defendants Frank and Anita Kostyra.

On May 10, 2013, the Kostyras, by and through counsel, filed an Answer that, in lieu of admitting or denying each of the numbered paragraphs of the Complaint, simply states a blanket denial that each of the Kostyras "denies each and every material allegation of the Complaint herein, as any such allegation might relate to them, separately and/or severally, and in particular (yet not limited to), those set forth within Counts IX (9), XII (12), XVI (16), XVIII (18) and XX (20), together with ¶'s 10, 11, 15 and 16."  (Doc. 28, ¶ 1.)

Such general denials of all allegations in a complaint are almost never appropriate under the Federal Rules of Civil Procedure.  *See Mortensen v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 3339492, *2 n.7 (S.D. Ala. Aug. 23, 2010) ("General denials are almost always improper under the Federal Rules of Civil Procedure."); *Matter of Crawford*, 2 B.R. 589, 592 (Bankr. Ill. 1980) ("A general denial is appropriate only where the pleader intends in good faith to controvert the preceding pleading."); *Gulf Oil Corp. v. Bill's Farm Center, Inc.*, 52 F.R.D. 114, 118-19 (W.D. Mo. 1970) (declaring that "[g]eneral denials or the equivalent are no longer permitted under the Federal Rules of Civil Procedure.").  Indeed, one prominent commentator has opined that the use of general denials "has been sharply restricted" under the Federal Rules of Civil Procedure and that "an answer consisting of a general denial will be available to a party acting in good faith only in the most exceptional cases."  Wright & Miller,

*Federal Practice and Procedure: Civil 2d* § 1265; *see also* 2 *Moore's Federal Practice*, § 8.06[4] (3d ed.) ("Because of the very broad nature of a general denial, as well as the duty to respond in good faith after reasonable inquiry, general denials are rarely appropriate responses to multi-faceted statements within claims for relief when numerous facts are alleged together.").

Under Rule 8(b)(2), Fed.R.Civ.P., denials set forth in an answer "must fairly respond to the substance of the allegation." *Id.* Moreover, a general denial such as that offered by the Kostyras is appropriate only when a party "intends in good faith to deny all the allegations of a pleading." Rule 8(b)(3). By contrast, "[a] party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." *Id.* The Kostyras would appear to be endeavoring to fit their Answer within the "specifically deny designated allegations" prong of Rule 8(b)(3); however, that portion of the Rule is inapplicable here because (i) the Kostyras purport to be denying all material allegations of the Complaint that relate to them, not just the listed paragraphs; and (ii) many portions of the Complaint contain provisions that do not appear to be subject to a good-faith denial in a manner that comports with defendants' obligations under Rules 8 and 11. As to the latter point, the Complaint includes allegations such as the Kostyras being "adjacent land owner(s) and neighbor(s) of" Windham (doc. 1, ¶¶ 10-11); Windham loaned Frank Kostyra money in June 2006, subject to a written promissory note (*id.*, ¶ 13); one or both of the Kostyras had filed various specific incident/offense reports or criminal complaints against Windham, and had contacted the Fairhope Police Department about Windham on various enumerated occasions (*id.*, ¶ 16); Frank Kostyra called the Fairhope Police Department on the morning of January 12, 2012 (id., ¶ 24); Frank Kostyra sent an email on January 12, 2012 containing details of Tina's arrest that morning (*id.*, ¶ 64); and so on.

The Court recognizes that many of the factual allegations in the lengthy Complaint do not concern the Kostyras, and do not relate to plaintiff's claims against the Kostyras. But the Court is concerned that, in its current form, the Kostyras' Answer (which denies everything and admits nothing) does not appear to comport with the strictures of Rules 8 and 11. Of course, counsel's signature on the Kostyras' Answer constitutes a certification by counsel "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the denials of factual contentions are warranted on the evidence." Rule 11(b)(4), Fed.R.Civ.P.

-3-

In light of the foregoing, the Court invites the Kostyras to file an Amended Answer that fairly meets the substance of the averments of the Complaint and is otherwise consistent with this Order.  Such an Amended Answer should be filed on or before **May 24, 2013**.  If an Amended Answer in conformity with Rules 8 and 11 is filed prior to that deadline, then the Kostyras need take no further action in response to this Order.  However, if the Kostyras opt not to file such an Amended Answer within that time frame, then they are **ordered** to **show cause**, on or before **May 24, 2013**, why their Answer, in its current form, does not violate Rules 8(b) and 11(b) of the Federal Rules of Civil Procedure.  This Show Cause Order is entered pursuant to Rule 11(c)(3), Fed.R.Civ.P.  Responses to this Show Cause Order should include, without limitation, a description of the reasonable inquiry undertaken by the Kostyras' counsel prior to filing their Answer and an explanation of how, following such reasonable investigation, he could in good faith controvert all of the allegations of the Complaint pertaining to his clients, including without limitation those identified *supra*.

DONE and ORDERED this 14th day of May, 2013.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE