IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TINA DIANE WINDHAM, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 13-0025-WS-N |
| | ) |
| CITY OF FAIRHOPE, ALABAMA, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

      On February 12, 2014, plaintiff, Tina Diane Windham, filed a document styled "*Pro Se* Plaintiff's Second Motion to Strike Certain Counts of her Complaint" (doc. 59). The filing reflects that after completing discovery, plaintiff "wish[es] to strike certain additional claims from [her] Complaint." (Doc. 59, at 1.) On that basis, Windham seeks to take a voluntary dismissal of Count Three (malicious prosecution); Count Four (invasion of privacy); Count Seventeen (defamation); and Count Nineteen (invasion of privacy).

      In certain respects, Windham is asking to withdraw claims that have already been dismissed from this action. On April 16, 2013, the undersigned entered an Order (doc. 20) that, among other things, dismissed Count Four in its entirety for want of a federally cognizable reasonable expectation of privacy. And on December 11, 2013, the undersigned entered an Order (doc. 48) that granted plaintiff's first Motion to Strike Certain Counts (doc. 44), which expressly included Count Three. As to those claims, then, Plaintiff's Motion to Strike is **moot**.[1]

      With respect to the remaining aspects of the Motion to Strike, the Court observes that under Rule 41(a)(1), Fed.R.Civ.P., a party may take a voluntary dismissal without order of the

---

[1] The Court recognizes, however, that the December 11 Order omits any specific statement that Count Three has been dismissed. In the interests of avoiding confusion and promoting clarity, the undersigned states that the intent and effect of the December 11 Order was indeed to dismiss Count Three. Alternatively, insofar as any lingering doubt remains on that point, Windham's Second Motion to Strike is **granted** as to Count Three (malicious prosecution), and Count Three is **dismissed** in its entirety.

Court only "by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." *Id.*  Defendants all filed answers in this case many months ago.  (*See* docs. 23, 30.)  As such, plaintiff may take a voluntary dismissal of the enumerated claims without order of the Court only via stipulation of dismissal signed by all parties who have appeared.  Clearly, the Motion to Strike does not satisfy this requirement, as it is not signed by counsel for any of the defendants who have appeared herein.

Accordingly, dismissal of these claims is appropriate, if at all, only pursuant to Rule 41(a)(2), which authorizes dismissal of a claim at the plaintiff's request "only by court order, on terms that the court considers proper." *Id.*  For this reason, the Motion to Strike will be construed as a motion for *pro tanto* dismissal pursuant to Rule 41(a)(2).  In an abundance of caution, and to afford all defendants a reasonable opportunity to be heard, the Court hereby enters the following briefing schedule:  Any party wishing to be heard on this motion must file a response, supported by legal authority as appropriate, on or before **February 20, 2014**.  If defendants do not submit an opposition brief by that date, the Court will assume that the motion is unopposed and will promptly enter an order granting the motion and dismissing Counts Seventeen and Nineteen in their entirety.[2]

DONE and ORDERED this 13th day of February, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] One other point of clarification may be helpful.  Plaintiff asserts in her Motion that, if it is granted, "the remaining counts will be Counts One; Two; Five; Six; Seven; Eight; Ten; Eleven; Twelve (excluding Anita and Frank Kostyra, Bill Press and the City of Fairhope); and Thirteen (excluding Anita and Frank Kostyra, Bill Press and the City of Fairhope." (Doc. 59, at 2.)  This statement is inaccurate in several respects.  Count Five was dismissed by this Court's Order (doc. 20) entered on April 16, 2013.  Count Six was dismissed by this Court's Order (doc. 48) entered on December 11, 2013.  Counts Twelve and Thirteen (which were originally brought against all defendants other than Anita Kostyra and Chief Press) have been dismissed as to Frank Kostyra only, but remain in play as against the City of Fairhope and Officers Scott and Rehorn.  And Count Fourteen (which plaintiff's list does not mention) has not been dismissed as to the City of Fairhope or Officers Scott and Rehorn.