# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TINA DIANE WINDHAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF FAIRHOPE, *et al.*, )<br>)<br>Defendants. ) | CIVIL ACTION 13-0025-WS-N |

**ORDER**

This matter comes before the Court on defendants' Motion to Re-Tax Costs (doc. 100). The Motion was filed and served on July 1, 2014; however, plaintiff neither filed a response nor notified the Court that she intended to do so. The Motion is now ripe.

Plaintiff, Tina Diane Windham, initially brought more than 20 causes of action against the City of Fairhope, Alabama, its former police chief, two of its police officers, and her then-neighbors. Specifically, Windham alleged various constitutional deprivations under 42 U.S.C. § 1983 and violations of Alabama law, all relating to her arrest by the Fairhope Police Department on January 12, 2012. After a gradual winnowing of Windham's claims (some of which she voluntarily dismissed and others of which were dismissed on defendants' Rule 12(b)(6) motion), plaintiff's remaining causes of action became the subject of cross-motions for summary judgment. On May 14, 2014, the undersigned entered an Order (doc. 88) granting defendants' motion for summary judgment, denying plaintiff's motion for summary judgment, and dismissing all of plaintiff's claims with prejudice. In so doing, the Court found that, viewing the record in the light most favorable to Windham, the defendant police officers had arguable probable cause to arrest her for disorderly conduct, the officers were entitled to qualified immunity on Windham's § 1983 excessive force claim, the record was devoid of facts that might support a § 1983 municipal liability claim on a theory of ratification or failure to train, the officers were entitled to state-agent immunity on various claims interposed by Windham under

Alabama law, and the City of Fairhope enjoyed immunity on her state-law claim of vicarious municipal liability for the officers' actions in connection with the subject arrest.

Defendants City of Fairhope, Bill Press, Trent Scott and Damian Rehorn now move to have costs re-taxed against Windham in the total amount of $5,082.88.[1] As a general proposition, the Federal Rules of Civil Procedure direct that "costs – other than attorney's fees – should be allowed to the prevailing party." Rule 54(d)(1), Fed.R.Civ.P. However, this rule does not confer upon district courts blanket authorization to "tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). Instead, the shifting of costs from the prevailing party to the losing party is permissible only to the extent authorized by statute. *See U.S. Equal Employment Opportunity Commission v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) ("a court may only tax costs as authorized by statute"). "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920" in awarding costs to a prevailing party. *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).

The costs which movants seek to have re-taxed have been divided into two categories, to-wit: (i) costs of deposition and court hearing transcripts, other court reporter fees, and fees for certified court documents; and (ii) photocopying costs for documents produced by movants in

---

[1] Windham has appealed from the summary judgment ruling dismissing all of her claims with prejudice; however, the pendency of that appeal does not affect this Court's ability to resolve the Motion to Re-Tax Costs at this time. *See, e.g., Rothenberg v. Security Management Co.*, 677 F.2d 64 (11th Cir. 1982) ("It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed."); *Dishman v. Cleary*, 279 F.R.D. 460, 465 (N.D. Ill. 2012) ("A district court may award costs even while a substantive appeal is pending."); *U.S. ex rel. Maxwell v. Kerr-McGee Oil & Gas Corp.*, 793 F. Supp.2d 1260, 1263 (D. Colo. 2011) ("Although the judgment in this action has been appealed, this Court retains jurisdiction to rule on this application for attorneys' fees, expenses, and costs."); *Fieldturf, Inc. v. Southwest Recreational Industries, Inc.*, 212 F.R.D. 341, 343 (E.D. Ky. 2003) ("Fed. R. App. P. 4(a)(4)(A) does not divest … this Court of jurisdiction to entertain motions regarding collateral matters such as awards of fees and costs"); *City of Fort Lauderdale v. Scott*, 2013 WL 773471, *1 (S.D. Fla. Feb. 28, 2013) ("Counter-Defendants, having prevailed before this Court, are entitled to recover taxable costs at this time, despite Counter-Plaintiffs' pending appeal."); *see generally Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003) (filing of a notice of appeal "does not prevent the district court from taking action in furtherance of the appeal") (citation and internal quotation marks omitted).

discovery, as well as those obtained by movants from plaintiff's various medical providers. Each category will be considered separately, again without the benefit of any input from Windham because she has not responded to the Motion to Re-Tax Costs.

The governing statute provides that "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be properly taxed as costs. 28 U.S.C. § 1920(2). Deposition transcript fees are *not* recoverable if they were incurred "for convenience, to aid in thorough preparation, or for purposes of investigation only." *W & O*, 213 F.3d at 620 (citations omitted).[2] The Court finds that movants necessarily obtained the transcripts of the depositions of Tina Diane Windham, Trent Scott and Bill Press (totaling $1,394.70 for the Scott and Press depositions, and $2,461.70 for the Windham deposition) for use in the case. After all, the court file confirms that defendants used and relied extensively on these three deposition transcripts in briefing the Rule 56 Motion, and submitted excerpts of each in support of that motion.[3] Likewise, defendants submitted excerpts of transcripts from Windham's related Baldwin County criminal trial and suppression hearing (incurring $280.00 in transcript costs) for purposes of their summary judgment briefing. In adjudicating the cross-motions for summary judgment, the Court considered the contents of those excerpts and found them material to issues litigated on summary judgment. Accordingly, the requested transcript fees fall within the statutory authorization of § 1920(2), and are properly taxable as costs against Windham, inasmuch as defendants necessarily obtained the transcripts for use in the case. *See, e.g., W & O*, 213 F.3d at 621 ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.") (citation and internal quotation marks omitted); *Luka v. City of Orlando*, 2011 WL 4837263, *6-7 (M.D. Fla. Sept. 23, 2011) ("Hearing

---

[2] *See also Romero v. CSX Transp., Inc.*, 270 F.R.D. 199, 202 (D.N.J. 2010) ("Costs for depositions obtained for the convenience of counsel or for investigatory or discovery purposes, which are not used or intended for use at trial, may not be taxed.") (citation omitted).

[3] Moreover, those deposition transcript fees are adequately quantified, confirmed and documented by appropriate vendor invoices found at Exhbit B to the Motion to Re-Tax Costs. *See generally Matusick v. Erie County Water Authority*, 774 F. Supp.2d 514, 533 (W.D.N.Y. 2011) ("only those deposition transcripts confirmed by invoice should be taxed as costs"); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp.2d 696, 709 (E.D. La. 2009) ("[a] party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred").

transcript costs are taxable when reasonably obtained in preparation for additional argument and/or motion practice.") (citation and internal quotation marks omitted).[4]

Before moving on from the category of deposition transcripts, the Court offers a pair of additional observations. First, movants' exhibits reflect that $1,225.00 of the $2,461.70 in requested costs for Windham's deposition consisted of videotaping-related expenditures, as opposed to traditional stenographic transcription fees. (*See* doc. 100, Exh. B, at 6.) Even if plaintiff had filed a response in opposition to the Motion to Re-Tax Costs (which she did not), this videotaping wrinkle would not alter the Court's conclusion as to the taxability of those costs. In this Circuit, where a party notices a deposition to be taken by both nonstenographic and stenographic methods, if the opposing party does not make a contemporaneous objection to the proposed methodology, the costs of conducting the deposition in the specified manner(s) are properly taxable under § 1920. *See Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996) ("we hold that, when a party notices a deposition to recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation …, it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed") (footnote omitted); *Watson v. Lake County*, 2012 WL 5273273, *5 (11th Cir. Oct. 25, 2012) (following *Morrison* holding). Such is the case here, as defendants submitted a Notice of Video Deposition (doc. 100, Exh. A) for Windham's deposition, but plaintiff lodged no objection to that proposed methodology at the time.

Second, movants have included in the category of transcript fees taxable under § 1920(2) a $15.00 charge for "Certified Copy of Plaintiff's Motion to Change Conditions of Bond filed in criminal case." (Doc. 100, Exh. B, at 1.) This not a "fee[] for printed or electronically recorded transcripts necessarily obtained for use in the case" and is therefore outside the boundaries of § 1920(2). However, it is a fee for exemplification and/or a cost of making copies necessarily

---

[4] *See also Schambeau Properties, LP v. Waffle House, Inc.*, 2012 WL 253441, *4 (S.D. Ala. Jan. 26, 2012) (taxing costs of deposition transcripts used by prevailing party in briefing Rule 56 motion, where summary judgment order referenced those transcripts); *Patrick v. Bishop State Community College*, 2011 WL 2784585, *1 (S.D. Ala. July 15, 2011) (enumerating circumstances under which deposition transcript fees are taxable as costs, such as where transcript was used to support a successful Rule 56 motion, or to prepare for trial and confine impeachment of a favorable witness, or to prepare for cross-examination of an adverse witness).

obtained for use in the case, such that it is taxable pursuant to § 1920(4). Defendants' need for this particular document was certainly reasonable; indeed, when they obtained the document and filed it as a summary judgment exhibit, Windham was pursuing claims (found at Counts Seven and Eight) relating to the terms and conditions of her state-court bond. This state-court document significantly undercut Windham's bond-related claims. That plaintiff subsequently abandoned those claims in no way negates the propriety of that fee, or its compensability under § 1920(4). On that basis, the $15.00 charge for a certified copy of Windham's motion to reduce bond filed in state court will be allowed as a taxable cost.

In addition to transcript fees that are reimbursable under § 1920(2), movants also request that costs be re-taxed for certain exemplification and copying charges. By statute, "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable. 28 U.S.C. § 1920(4). "[I]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W & O, Inc.*, 213 F.3d at 623. "Copies attributable to discovery are a category of copies recoverable under § 1920(4)." *Id.* (citation and internal quotation marks omitted); *see also Beach-Mathura v. American Airlines, Inc.*, 2014 WL 3036652, *2 (11th Cir. July 7, 2014) (same).

The copying charges itemized in the Motion to Re-Tax Costs consist of (i) Windham's medical records ($587.69) and (ii) documents obtained by defendants to respond to Windham's discovery requests pertaining to the *Dorsey Henderson* matter ($343.79). (*See* doc. 100, Exh. B, at 2-3.)[5] With respect to medical records, defendants could have reasonably believed that it was necessary to obtain such copies from Windham's medical providers because her Complaint referenced "severe" personal injuries for which she sought compensatory damages. (*See* doc. 1, ¶¶ 37, 105, 198.) As such, copy charges for those items are properly taxable under § 1920(4). *See Beach-Mathura*, 2014 WL 3036652, at *2 ("Because these supplemental documents helped establish the extent of Beach-Mathura's pre-existing injuries the district court did not abuse its discretion in concluding that the copied documents were appropriate discovery materials and

---

[5] Dorsey Henderson was a plaintiff in a federal civil action brought in this District Court against the City of Fairhope and Trent Scott, bearing case number 11-cv-0310-KD-B. The *Henderson* matter ultimately settled. Windham obtained and relied on discovery materials relating to that case in her summary judgment filings herein. (*See* doc. 72, at 16-17.)

obtained necessarily for use in the case."). As for the *Henderson* materials, plaintiff sought information and documents relating to that matter from defendants in discovery; therefore, defendants had reasonable need to copy those documents, and may recover those copying costs under § 1920(4). *See, e.g., Hall v. Siemens VDO Auto. Electronics Corp.*, 2014 WL 1329553, *2 (N.D. Ala. Mar. 31, 2014) ("[t]his court will only allow photocopying charges that were necessary for discovery and for trial presentation") (citation omitted).[6]

For all of the foregoing reasons, and in light of plaintiff's failure to raise any objections, the Motion to Re-Tax Costs (doc. 100) filed by defendants City of Fairhope, Alabama, Trent Scott, Damian Rehorn, and Bill Press is **granted**. Costs are hereby **re-taxed** against plaintiff and in favor of those defendants, pursuant to 28 U.S.C. § 1920, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and Local Rule 54.1(c), in the total amount of **$5,082.88**.[7]

DONE and ORDERED this 23rd day of July, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] In concluding that movants' request for taxation of costs pursuant to § 1920(4) is well-taken as to the enumerated categories, the Court recognizes that "[u]se of information contained in a file is not a prerequisite to finding that it was necessary to copy the file." *W & O*, 213 F.3d at 623. Thus, movants' failure to present or rely on the copied documents in their summary judgment submissions is not dispositive of the question of whether those copies were necessarily obtained for use in the case for purposes of § 1920(4).

[7] That aggregate figure may be itemized as follows: fees for video-recording and transcription of Windham's deposition ($2,461.70); fees for copies of Scott and Press deposition transcripts ($1,394.70); fees for transcripts of selected portions of Windham's criminal proceedings in Baldwin County ($280.00); certified copy fee for plaintiff's motion to change conditions of bond filed in state court ($15.00); costs of making copies of *Dorsey Henderson* file materials to respond to plaintiff's discovery requests ($343.79); and costs of obtaining copies of Windham's medical records from various providers ($587.69).